**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KELLY DALE TIGERT,

        Petitioner - Appellant,

v.

HASKEL HIGGINS, Warden,

        Respondent - Appellee.

No. 08-7051
(E.D. Oklahoma)
(D.C. No. 6:05-CV-00349-RAW-KEW)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **BRISCOE**, **MURPHY,** and **HARTZ**, Circuit Judges.

Petitioner-Appellant Kelly Tigert is an Oklahoma state prisoner. When

legal documents bearing Tigert's name were discovered in the locker of another

inmate, he was charged with violating prison rules prohibiting inmates from

"receiving, trading, selling, giving or loaning" property to another inmate. After

a disciplinary hearing, Tigert was found guilty of Individual Disruptive Behavior

and he lost sixty hours of good time credit.

Proceeding pro se, Tigert filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 in federal district court. In his petition, Tigert

alleged he was denied due process in the prison disciplinary proceeding. The

federal magistrate judge recommended denying Tigert's § 2241 petition,

concluding there was no due process violation because Tigert was provided with (1) at least twenty-four hours advance written notice of the claimed violations, (2) an opportunity to call witnesses and present documentary evidence in his defense, and (3) a written statement identifying the evidence relied upon by the factfinders and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). The magistrate judge further concluded the record contained "some evidence" to support the disciplinary sanctions imposed on Tigert.[1] *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985). The district court adopted the magistrate's recommendation and dismissed Tigert's § 2241 petition.

Tigert now seeks a certificate of appealability ("COA") to enable him to appeal the district court's dismissal of his petition. *See* 28 U.S.C. § 2253(c)(1)(A). This court will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). To satisfy this standard, Tigert must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

This court has reviewed Tigert's application for a COA and appellate brief, the district court's order, the magistrate judge's report and recommendation, and the entire record on appeal pursuant to the framework set out by the Supreme

---

[1]That evidence was the document found in the locker.

Court in *Miller-El* and concludes that Tigert is not entitled to a COA. The district court's resolution of Tigert's claim is not reasonably subject to debate and the claim is not adequate to deserve further proceedings. Accordingly, Tigert is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Tigert's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

08-7051 - *Tigert v. Higgins*

**HARTZ**, Circuit Judge, concurring:

I concur in denial of the request for a COA and dismissal of the appeal. I write separately only to address an issue not mentioned in the Order.

As I read Mr. Tigert's application for a COA and his original § 2241 application, one ground for his challenge to his discipline is that the rule he allegedly violated was unconstitutional in its application in this case. The discipline was based on possession by a fellow inmate of a document belonging to Mr. Tigert. The respondent acknowledges that the document is a legal document. Mr. Tigert's § 2241 application and his pleading to this court appear to contend (1) that the fellow inmate was Mr. Tigert's jailhouse lawyer and (2) that a prison rule cannot totally bar a jailhouse lawyer from possessing a "client's" legal materials in his cell. The issue raised by these contentions, it seems to me, would be worthy of a COA.

Mr. Tigert, however, failed to raise this issue in his objections to the magistrate judge's Report and Recommendation. Therefore, I do not think that the issue is properly before us and I concur in the Order.